1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAMERON R. HARTWELL,

                                   Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                   Defendant.

Case No. 3:13-cv-06004-BJR-KLS

REPORT AND RECOMMENDATION

Noted for October 24, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income ("SSI") benefits. This

matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v.

Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the

undersigned submits the following Report and Recommendation for the Court's review,

recommending that for the reasons set forth below, defendant's decision to deny benefits be

reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On March 5, 2007, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications he became disabled beginning

February 22, 2006, due to cervical spondylosis, depression, right carpal tunnel syndrome, and

epicondylitis. See ECF #11, Administrative Record ("AR") 11, 189. Both applications were

REPORT AND RECOMMENDATION - 1

denied upon initial administrative review on May 7, 2007, and on reconsideration on July 9, 2007. See AR 11. A hearing was held before an administrative law judge ("ALJ") on May 1, 2009, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 21-63. At that hearing, plaintiff amended his alleged onset date of disability to July 14, 2007. See AR 61.

In a decision dated June 25, 2009, the ALJ determined plaintiff to be not disabled. See AR 11-20. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 14, 2010, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed the Commissioner's final decision to this Court, which on July 14, 2011, remanded the matter for further administrative proceedings. See AR 531-46. On remand, another hearing was held before the same ALJ on August 29, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. See AR 463-511.

In a decision dated November 26, 2012, the ALJ again determined plaintiff to be not disabled. See AR 441-55. It does not appear from the record that the Appeals Council assumed jurisdiction of the case, making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.984, § 416.1484. On November 22, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on April 4, 2014. See ECF #11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical opinion evidence from William W. Peterson, M.D., Eric

REPORT AND RECOMMENDATION - 2

Thomas, D.O., Brent Packer, M.D., Gregory Dorris, Psy.D., Brad Zunino, ARNP, Judy Miller

ARNP, and Mary Ellen Biggerstaff, ARNP; (2) in discounting plaintiff's credibility; (3) in

rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional

capacity ("RFC"); and (5) in finding plaintiff to be capable of performing other jobs existing in

significant numbers in the national economy. For the reasons set forth below, the undersigned

agrees the ALJ erred in evaluating the opinion evidence from Nurse Biggerstaff and in rejecting

the lay witness evidence, and thus in assessing plaintiff's RFC and finding him to be capable of

performing other jobs existing in significant numbers in the national economy. While also for the

reasons set forth below, the ALJ therefore erred in determining plaintiff to be not disabled and

the undersigned recommends defendant's decision to deny benefits be reversed on this basis, this

matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

the Court, if the "proper legal standards" have been applied by the Commissioner, and the

"substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler,

785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D.

Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

proper legal standards were not applied in weighing the evidence and making the decision.")

(citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation

omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

REPORT AND RECOMMENDATION - 3

supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Evaluation of the Opinion Evidence from Nurse Biggerstaff

        The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a

REPORT AND RECOMMENDATION - 5

1  nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31. A non-examining physician's opinion may

2  constitute substantial evidence if "it is consistent with other independent evidence in the record."

3  <u>Id.</u> at 830-31; <u>Tonapetyan</u>, 242 F.3d at 1149.

4              In regard to the opinion evidence from Nurse Biggerstaff, the ALJ found in relevant part:

5
              In March of 2011 Ms. Biggerstaff opined that the claimant could lift twenty
6              pounds occasionally and ten pounds frequently. She opined that the claimant
              could sit for four hours and stand for four hours in and eight hour workday
7              (Exhibit 26F/7). She noted that the claimant was on chronic narcotic pain
              medication and using marijuana (Exhibit 2F/8). Great weight is given to this
8              opinion as it is more recent and it is consistent with an ability to perform light
              work as also noted by Dr. Peterson.
9

10 AR 453. Plaintiff argues the ALJ erred in failing to take into account the fact that not only did

11 Ms. Biggerstaff find he could only sit and stand for four hours each in an eight hour workday,

12 but Ms. Biggerstaff noted he could do so "with breaks." AR 658. The undersigned agrees the

13 ALJ erred here. First, while it is true as defendant points out that the ALJ found plaintiff should

14 "**have the opportunity to sit for 1-2 minutes every sixty minutes**" (AR 447 (emphasis in

15 original)), it is not at all clear from Ms. Biggerstaff's opinion as to the nature and length of the

16 "breaks" she had in mind in regard to both sitting and standing. Second, the ALJ found plaintiff

17 could stand "**for a cumulative total of six hours in an eight hour workday**" (<u>id.</u>), whereas Ms.

18 Biggerstaff clearly limited plaintiff to a total of four hours (<u>see</u> AR 658). Thus, while the ALJ

19 stated she was giving Ms. Biggerstaff's March 2011 opinion great weight, her actual assessment

20 of plaintiff's functional capabilities does not fully reflect that fact.

21
22 II.      <u>The ALJ's Evaluation of the Lay Witness Evidence in the Record</u>

23              Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must

24 take into account," unless the ALJ "expressly determines to disregard such testimony and gives

25 reasons germane to each witness for doing so." <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir.

26

REPORT AND RECOMMENDATION - 6

2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably

germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly

link his determination to those reasons," and substantial evidence supports the ALJ's decision.

Id. at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample,

694 F.2d at 642.

The record contains a lay witness statement from plaintiff's girlfriend, in which she sets

forth her observations of plaintiff's symptoms and limitations. See AR 647-51. In regard to that

statement, the ALJ found in relevant part:

> . . . Ms. Atkins-Hartwell's statement has been considered and has been given
> some weight in this assessment. Nonetheless, it does not establish that the
> claimant is disabled. Family members are not medically trained to make
> exacting clinical observations. In considering "non-medical sources" who
> have not seen the individual in a professional capacity in connection with their
> impairments, such as spouses, friends, or neighbors, it would be appropriate to
> consider such factors as the nature and extent of the relationship, whether the
> evidence is consistent with other evidence, and any other factors that tend to
> support or refute the evidence. Although the undersigned finds that the lay
> witness' statement is generally credible as to her observations, her statements
> are inconsistent with the medical evidence of the record, which does not
> support the claimant's allegations. Significant weight cannot be given to the
> witness' statements to the extent that it is [sic] not consistent with the medical
> evidence of record.

AR 451-52. The undersigned agrees with plaintiff that the ALJ erred in her evaluation of this

evidence. While it is not at all clear that the medical evidence is consistent with Ms. Atkins-

Hartwell's observations as plaintiff asserts, the ALJ fails to state what medical evidence in the

record she found to be inconsistent therewith.  As such, the undersigned is unable to determine at

this time if rejection of the lay witness's statement is warranted.

III.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a

claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

REPORT AND RECOMMENDATION - 7

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

**. . . to perform light work . . . except he is limited to standing no more than 60 minutes at a time for a cumulative total of six hours in an eight hour workday. This requires that the claimant have the opportunity to sit for 1-2 minutes every sixty minutes. Additionally, the claimant is limited to occasionally climbing, crawling, kneeling, crouching and stooping.**

AR 446-47 (emphasis in original). But because as discussed above the ALJ erred in evaluating the opinion evidence from Ms. Biggerstaff and the lay witness statement of Ms. Atkins-Hartwell, the undersigned agrees with plaintiff that it cannot be said at this time that the ALJ's assessment

1    of his RFC is supported by substantial evidence.  Thus, the ALJ erred here as well.

2    IV.    The ALJ's Step Five Determination

3          If a claimant cannot perform his or her past relevant work, at step five of the disability

4    evaluation process the ALJ must show there are a significant number of jobs in the national

5    economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir.

6    1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the

7    testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines

8    (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th

9    Cir. 2000).

10

11          An ALJ's findings will be upheld if the weight of the medical evidence supports the

12    hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

13    Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony

14    therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

15    Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the

16    claimant's disability "must be accurate, detailed, and supported by the medical record." Id.

17    (citations omitted). The ALJ, however, may omit from that description those limitations he or

18    she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

19          At step five in this case, the ALJ found plaintiff to be capable of performing other jobs

20    existing in significant numbers in the national economy based on the testimony of the vocational

21    expert at the first hearing made in response to a hypothetical question the ALJ posed that was

22    consistent with the ALJ's RFC assessment. See AR 454-55. Again, however, in light of the

23    ALJ's errors discussed above in regard to the medical and lay witness evidence in the record and

24    that RFC assessment, the undersigned agrees with plaintiff that the ALJ's step five determination

25

26

REPORT AND RECOMMENDATION - 9

cannot be said to be supported by substantial evidence and thus cannot be upheld. On the other hand, the undersigned rejects the additional functional limitations plaintiff asserts should have been adopted by the ALJ (see ECF #15, p. 24), as it has not yet been shown that the substantial evidence in the record supports them.

V.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical and lay witness evidence in the record, plaintiff's residual functional capacity and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

REPORT AND RECOMMENDATION - 10

1

<u>CONCLUSION</u>

2      Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

3 improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

4 well that the Court reverse the decision to deny benefits and remand this matter for further

5 administrative proceedings in accordance with the findings contained herein.

6      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

7 72(b), the parties shall have **fourteen (14) days** from service of this Report and

8 Recommendation to file written objections thereto. <u>See</u> <u>also</u> Fed. R. Civ. P. 6.  Failure to file

9 objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>,

10 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

11 is directed set this matter for consideration on **October 24, 2014**, as noted in the caption.

12      DATED this 3rd day of October, 2014.

13

14

15

16

17                                     Karen L. Strombom
                                       United States Magistrate Judge
18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 11